**Clifford GREGORY, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**Civil Action No. 95–02320(SS).**

United States District Court, District of Columbia.

March 27, 1997.

Randy Michael Mott, McLean, VA, for Clifford Gregory.

James A. DeVita, Office of Corporation Counsel, D.C., Washington, DC, for District of Columbia.

## *MEMORANDUM OPINION*

SPORKIN, District Judge.

This matter is before the Court on the Defendant District of Columbia's[1] motion for summary judgment and plaintiff's opposition thereto.

Plaintiff claims that on April 29, 1995, he was assaulted, battered, falsely arrested and deprived of his Fourth, Fifth and Fourteenth Amendment rights and his rights under 42 U.S.C. § 1983 by several District of Columbia police officers. The Defendant District of Columbia moves for summary judgment on grounds that Plaintiff has not provided any evidence that the District has a custom, policy, or practice that caused the alleged violations.

At the hearing on this matter, Plaintiff's counsel admitted that he had found no evidence of a policy on the part of the District that condoned the alleged behavior of the

defendant officers. Plaintiff's counsel states the claims basis was that the District has no policy instructing police officers on the proper course of action when they observe a fellow officer assaulting a citizen.

Since this was a new allegation, the District of Columbia was given time to file a supplemental brief. In its brief, the District of Columbia informed the Court of the following D.C.Code and general order provisions: District of Columbia Code § 4–176 provides that "[a]ny officer [using] unnecessary and wanton severity in arresting or imprisoning any person shall be deemed guilty of assault and battery." Section 4–142 makes it a misdemeanor for an officer not to make an arrest when a crime is committed in his presence. D.C. Municipal Reg. 207.1 requires that officers "use only the minimum amount of force which is consistent with the accomplishment of his or her mission." Police Department General Order No. 201.26(D)(29) requires officers to immediately report to their superiors any violations of Department rules by fellow officers.

Viewing these provisions together, it is the clear policy of the District of Columbia and its police department that officers must take action when fellow officers break the law. To the extent it does not impair public safety, this would include physically preventing an officer from engaging in such behavior.[2] It certainly means immediately reporting that officer to his or her superiors.[3]

The mere existence of statutes or provisions will not always be enough to counter a claim that a municipality has a policy of condoning certain constitutional violations. But there must be some evidence that despite the law a pattern of violations continues and the municipality has not acted appropriately. Other than the alleged facts underlying this case, Plaintiff has stated that he is not prepared to present any evidence of incidents where officers observe fellow officers

---

1. Plaintiff has also sued individual police officers. Service on those officers was only recently perfected. The Court has set a separate discovery, motions and trial schedule for those officers.

2. It should not be forgotten that officers carry dangerous weapons. The Court does not want to

suggest a "Dodge City" atmosphere, where one officer with a gun draws a weapon on a fellow officer with a gun and a deadly shootout follows.

3. "Immediate" would imply radioing in to headquarters when an incident occurs.

breaking the law and do not take appropriate action.

Because Plaintiff has not met his burden with respect to the District of Columbia, he cannot survive a motion for summary judgment. Accordingly, the Court will grant the defendant District of Columbia's motion for summary judgment and dismiss it as a defendant. An appropriate order follows this opinion.

### ORDER

This matter is before the Court on the Defendant District of Columbia's motion for summary judgment and plaintiff's opposition thereto. For the reasons stated in the attached Memorandum Opinion, it is hereby

**ORDERED** that Defendant District of Columbia's motion for summary judgment be **GRANTED;** and it is further

**ORDERED** that the complaint against the Defendant District of Columbia be **DISMISSED.**